IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:97-487-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Bob Harry Fowler, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Bob Harry Fowler's ("Fowler") motions requesting a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 and 18 U.S.C. § 3582(c)(1)(B), and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

On November 18, 1997, Fowler was found guilty after a jury trial of murdering a federal witness to prevent testimony, in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 1); retaliating against a federal witness, in violation of 18 U.S.C. §§ 1513(a)(1)(B) and (a)(1)(A) (Counts 2 and 3); and using or carrying a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 4); all for activity stemming from the murder of Ricky Samuel, a government informant. The court sentenced Fowler to four concurrent terms of life imprisonment. On May 14, 1999, the United States Court of Appeals for the Fourth Circuit vacated Fowler's convictions on Counts 2 and 3, but affirmed his convictions on Counts 1 and 4. Thus, Fowler remained subject to two life sentences for his convictions on Counts 1 and 4 of

---

[1] In his initial pro se motion, Fowler argued that he was entitled to relief based on United States v. Davis, 139 S.Ct. 2319 (2019). In his amended motion, counsel noted that she "is unaware of any relief that Fowler may be entitled to" based on Davis. The court agrees that this argument is without merit.

the superseding indictment.  See United States v. Pabellon, Nos. 98-4060, 98-4088, 1999 WL 305052, at *10 (4th Cir. May 14, 1999) (unpublished).

Fowler filed a pro se motion for a sentence reduction on April 10, 2023.  (Mot. Reduce Sentence, ECF No. 129.)  The court appointed an attorney for Fowler, and on April 28, 2023, Fowler, through counsel, filed an amended motion.  (Mot. Compassionate Release, ECF No. 133.)  The Government filed a response in opposition on June 26, 2023.  (Gov't Resp. Opp'n, ECF No. 137.)  This matter is ripe for consideration.

The court first considers Fowler's argument that he is entitled to relief under the First Step Act.  In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, to reduce the sentencing disparity between crack cocaine and powder cocaine offenses by increasing the drug quantity required to trigger mandatory minimum sentences for crack cocaine offenses.  In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, which made retroactive the statutory penalties for covered offenses under the Fair Sentencing Act.  Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons [("BOP")], the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Id. § 404(b), 132 Stat. at 5222.  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  Id. § 404(a), 132 Stat. at 5222.

After review, Fowler's motion pursuant to § 3582(c)(1)(B) and the First Step Act is denied. The First Step Act does not apply to Fowler because his convictions in this case are not covered offenses under the First Step Act.

Turning to Fowler's compassionate release motion, as an initial matter, the Government alleges that he has failed to exhaust his administrative remedies. A court must first consider whether a defendant filing a compassionate release motion has exhausted his administrative rights under the statute, when, as is the case here, the government invokes that exhaustion requirement. United States v. Muhammad, 16 F.4th 126, 130-31 (4th Cir. 2021). A defendant can meet the exhaustion requirement in two ways. Id. at 130. The defendant must first make a request to the BOP or his warden to bring a compassionate release motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). If the request is denied or remains unaddressed, the defendant must either (1) fully exhaust his administrative rights to appeal the BOP's denial of his request, or (2) wait 30 days from the date of the initial request to file a motion in district court. Id.

Fowler alleges that he submitted his request in 2020 to the Warden raising COVID concerns as a basis for release. (Mem. Support 7, ECF No. 134.) However, the Government states that the BOP has no record of Fowler filing a request for compassionate release with respect to the issues raised in the instant motion. (Gov't Resp. Opp'n 6-8 & Ex. B (Email), ECF Nos. 137 & 137-2.) The purpose of the statutorily mandated exhaustion period is to provide the BOP with the first opportunity to evaluate a prisoner's request. "Construing the exhaustion requirement as motion-specific is consistent with § 3582(c)(1)(A)'s plain language and statutory framework." United States v. Huitt, No. 3:16-CR-206-MOC, 2021 WL 2226486, at *2 (W.D.N.C. June 2, 2021) (unpublished). "[O]ne-time compliance with the exhaustion

3

requirement . . . does not carry forward in perpetuity to all his subsequent compassionate release motions." United States v. Cain, No. 1:16-cr-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (unpublished).  Thus, a defendant must demonstrate renewed compliance with the exhaustion requirements with each successive compassionate release motion filed.  Id. at *5; United States v. Memsen, No. 1:17-CR-00077-MR-WCM, 2022 WL 1494992, at *2 (W.D.N.C. May 11, 2022) (unpublished).

Moreover, the court finds that Fowler's futility argument fails.  United States v. Craig, No. ELH-18-0450, 2022 WL 1522176, at *15 (D. Md. May 13, 2022) (unpublished) ("[T]he weight of authority suggests that futility, undue prejudice, and inadequacy of agency review are not available exceptions to the compassionate release statute's exhaustion requirement.").

Based on the foregoing, the court finds that Fowler has failed to meet the exhaustion requirement, and his motion for compassionate release is dismissed without prejudice.

It is therefore

**ORDERED** that Fowler's motion to reduce under the First Step Act, document number 129, is denied.  It is further

**ORDERED** that Fowler's motion for compassionate release, document number 133, is dismissed without prejudice.

**IT IS SO ORDERED.**

                                       s/Henry M. Herlong, Jr.
                                       Senior United States District Judge

July 18, 2023
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.